UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DREW NEIDLINGER,<br><br>          Plaintiff,<br><br>          v.<br><br>ARAMARK,<br><br>          Defendant. | CAUSE NO.: 3:19-CV-752-RLM-MGG |

OPINION AND ORDER

Drew Neidlinger, a prisoner without a lawyer, filed a complaint. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In the complaint, Mr. Neidlinger alleges that, in May 2019, he worked in the kitchen at the Westville Correctional Facility. He is also a member of the Islamic faith, which requires him to pray five times per day in a clean area. For three days that month, he went to his cell to pray during his shift and returned

to the kitchen when he was finished. On May 8, Ms. Vaughn, an Aramark employee, told him to pray in the kitchen instead, but Mr. Neidlinger refused because the kitchen floor was unclean. Mr. Neidlinger was not allowed to work in the kitchen after that and has since been unable to obtain other employment. Mr. Neidlinger seeks money damages.

Mr. Neidlinger asserts a claim against Aramark, a corporate entity, for violating his rights under the Free Exercise Clause. Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. Vinning-El v. Evans, 657 F.3d 591, 592-593 (7th Cir. 2011). Liability for corporate entities under 42 U.S.C. § 1983 exists only when the execution of a policy or custom inflicts the injury. *Id.* These defendants may be held liable for "an express policy that, when enforced, causes a constitutional deprivation." Id. The policy must be the "moving force behind the deprivation of his constitutional rights." Johnson v. Cook Cty., 526 F. App'x 692, 695 (7th Cir. 2013). Without an unconstitutional policy, liability may be established with a showing of "a widespread practice that, although not authorized by written law or express . . . policy, is so permanent and well settled as to constitute a custom or usage with the force of law." McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). Mr. Neidlinger can't proceed on this complaint because he names Aramark as the only defendant but doesn't identify a policy or practice that caused the constitutional violation.

Mr. Neidlinger can file an amended complaint. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he

2

should get the court's approved form from the prison law library, and he must put the case number of this case on it, which is on the first page of this order. If he intends to pursue a claim against individual defendants, he should describe his interactions with each defendant in detail, including names, dates, locations, and explain how each defendant was responsible for harming him. If he intends to pursue a claim against a corporate entity, he should identify a policy or practice that caused a violation of his constitutional rights.

For these reasons, the court GRANTS Drew Neidlinger until October 31, 2019, to file an amended complaint. If Mr. Neidlinger doesn't respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on October 9, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT