UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DREW NEIDLINGER, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-752-RLM-MGG |
| ARAMARK, et al., | |
| Defendants. | |

OPINION AND ORDER

Drew Neidlinger, a prisoner without a lawyer, filed an amended complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Neidlinger's amended complaint asserts that a Ms. Vaughn, an employee of Aramark, violated his rights under the Free Exercise Clause of the First Amendment. A complaint must contain sufficient factual matter to "state a

claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Mr. Neidlinger's amended complaint doesn't explain the factual basis for his claims, including what the defendants did to violate his constitutional rights or the location and the timing of these events. As a result, the amended complaint doesn't plausibly state a claim upon which relief can be granted, and he may not proceed on this complaint.

Mr. Neidlinger may be trying to incorporate the allegations from the original complaint (ECF 2) into the amended complaint. The local rules don't allow parties to amend their pleadings in a piecemeal fashion; rather, a plaintiff seeking to amend a complaint must submit a copy of the proposed amended complaint in its entirety. N.D. Ind. L.R. 15-1. Because Mr. Neidlinger might not have been aware of the local rules, the court will allow him another chance to file an amended complaint. If he chooses to file an amended complaint, he should obtain the court's approved form from the prison law library, and he must put the case number of this case on it, which is on the first page of this order. If he intends to pursue a claim against individual defendants, he should describe his interactions with each defendant in detail, including names, dates, locations, and explain how each defendant was responsible for harming him. If he intends to pursue a claim against a corporate entity, he should identify a policy or practice that caused a violation of his constitutional rights.

For these reasons, the court:

(1) DENIES as UNNECESSARY to the motions to extend the deadline to file an amended complaint (ECF 8, ECF 9); and

(2) GRANTS Drew Neidlinger until <u>December 19, 2019</u>, to file an amended complaint.

If Neidlinger doesn't respond by that deadline, this case may be dismissed without further notice.

SO ORDERED on November 20, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT